IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE SZAFRANSKI O/B/O C.S.S., ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> CAROLYN W. COLVIN, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 15-1597 |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 12 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying an application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed the application on behalf of C.S.S., alleging that C.S.S became disabled on January 1, 2009. (ECF No. 8-6, p. 4). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on February 18, 2014. (ECF No. 8-2, pp. 31-52). On March 14, 2014, the ALJ found that C.S.S. was not disabled under the Act. (ECF No. 8-2, pp. 16-30). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 12 and 16). The issues are now ripe for review.

1

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924. An impairment functionally equals a

listed impairment if the child has "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. § 416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that although C.C.S. has severe impairments,[3] he does not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §§416.924, 416.925, and 416.926. (ECF No. 8-2, pp. 19-30). As a result, the ALJ found that he was not disabled under the Act.

---

[1] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[2] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

[3] The ALJ found C.S.S.'s severe impairments to be attention deficit hyperactivity disorder ('ADHD") and oppositional defiant disorder. (ECF No. 8-2, p. 19).

3

### A. The Administrative Record

Plaintiff's only argument is that the ALJ relied upon an incomplete record such that remand is warranted. (ECF No. 13, pp. 14-16). Specifically, Plaintiff asserts that the ALJ gave great weight to the opinion of Dr. Brentzel, the state agency psychological consultant, but "Dr. Brentzel relied on a state agency consultative examination [of Dr. Kennedy] that was not included in the administrative record. As such, the ALJ could not have been able to determine whether Dr. Brenztel's opinion was based on substantial evidence." (ECF No. 13, p. 14). Therefore, Plaintiff suggests that I cannot adequately provide a meaningful and proper judicial review. *Id.* at pp. 14-16). Thus, Plaintiff concludes that remand is warranted. *Id.*

After a careful review of the evidence in this case, I disagree that remand is warranted. To begin with, the ALJ is required to weigh the medical opinion evidence of record and is permitted to give controlling weight to a non-examining consulting doctor over that of treating physicians when it is supported by substantial evidence. *Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010), *quoting Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) ("'where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence.'"). The ALJ did just that in this case. *See,* ECF No. 8-2, pp. 16-30.

The ALJ gave the state agency doctor's opinion great weight because it was "consistent with and well supported by the record as a whole." (ECF No. 8-2, p. 22). This is a valid and acceptable consideration when evaluating opinion evidence. *See,* 20 C.F.R. §416.927 (Evaluating Opinion Evidence). After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be sufficiently explained and supported by substantial evidence of record. (ECF No. 8-2, pp. 20-30). Thus, I find that I am able to conduct a meaningful review.

Furthermore, there is no question that Dr. Brentzel reviewed the psychological evaluation of Dr. Kennedy and relied upon the same in formulating her opinion.  (ECF No. 8-3, pp. 4, 7, 8; No. 15-2, p. 7). There is also no doubt that Dr. Kennedy's report was not marked at an exhibit at the administrative level.  (ECF No. 17, p. 8, n. 5).  After a review of the same, I find that Dr. Brentzel's findings are consistent with the opinions of Dr. Kennedy.   Thus, even if it was error not to include said report, it was harmless error, as it could have had no practical effect on the results. The opinion of Dr. Brentzel is completely consistent with the opinion of Dr. Kennedy.  *Compare,* ECF No. 8-3, pp. 2-10, *with* No. 15-2, pp. 4-10.

Moreover, his opinion does not conflict with that of the ALJ's opinion.  Thus, even assuming there was an error in failing to include the report that Dr. Brentzel relied upon in making her opinion, I find it to be harmless.  *See, Ward v. Comm'r of Social Security,* 211 F.3d 652, 656 (1st Cir. 2000) (holding that remand to correct an error is not necessary if "it will amount to no more than an empty exercise"); *Fisher v. Bowen,* 869 F.2d 1055, 1056 (7th Cir. 1989)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").  I find that it would be an exercise in futility to remand this case simply for the inclusion of a record that is consistent with an opinion that the ALJ gave substantial weight.    There would be no point to such a discussion, especially as I am able to make a meaningful judicial review without the same. Consequently, I find remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE SZAFRANSKI O/B/O C.S.S., | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 15-1597 |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 4th day of January, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 16) is granted.

          BY THE COURT:

          s/ Donetta W. Ambrose
          Donetta W. Ambrose
          United States Senior District Judge